IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA FLOURNOY | ) | |
| | ) | |
| Plaintiff, | ) | CV-05-HS-0968-E |
| | ) | |
| | ) | CASE NO. CV-_____ |
| vs. | ) | 3:05CV560-M |
| | ) | |
| MERCK & COMPANY, INC., a New | ) | |
| Jersey corporation | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes Now Linda Flournoy,("Flournoy", or "Plaintiff"), individually, and for her multiple causes of action against Merck & Company, Inc. ("Merck" or "Defendants"), alleges and states the following:

### PARTIES

1. Plaintiff is a resident of Chambers County, Alabama and was prescribed, and took, Vioxx® (Rofecoxib). Plaintiff brings this action to recover damages for personal injuries sustained after taking Vioxx® (Rofecoxib).

2. The Defendant is a New Jersey corporation with its principal place of business in New Jersey. Merck describes itself as a global research-driven pharmaceutical products company.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332.

4. Plaintiff, who is a citizen of the State of Alabama, was prescribed and used Vioxx® (Rofecoxib) in Alabama and asserts claims under Alabama law.

1

5. Defendant is a Nationwide Corporation, and distributes Vioxx® (Rofecoxib) throughout the State of Alabama. Venue, therefore, is proper in this District under 28 U.S.C. § 1391.

6. The amount in controversy exceeds $75,000.00, excluding costs and interest.

## SUBSTANTIVE ALLEGATIONS

7. Plaintiff brings this action to recover damages for personal injury, restitution, refund and/or for equitable, injunctive relief against Merck, who tested, marketed, distributed, promoted, sold, prescribed and filled Vioxx® (Rofecoxib), which the Plaintiff took after it was prescribed to her, and, as a result thereof, suffered damages.

8. This case involves the Plaintiff's use of a drug called Vioxx® (Rofecoxib). It was designed to treat osteoarthritis, rheumatoid arthritis, acute pain and migraines.

9. It was designed, formulated, patented, marketed, sold, and ultimately distributed by the Defendant as Vioxx® (Rofecoxib).

10. Osteoarthritis, or degenerative joint disease, is characterized by the breakdown of the joint's cartilage (which cushions the ends of bones). Cartilage breakdown causes bones to rub against each other, leading to pain and loss of movement.

11. Rheumatoid arthritis is a chronic syndrome characterized by inflammation in the lining of the joints, causing pain, stiffness, warmth, redness and swelling, leading to pain and loss of movement.

12. Vioxx® (Rofecoxib) is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDSs"). It works by reducing substances that cause inflammation, pain and fever.

13. Prostaglandins are chemicals that are important in promoting inflammation and its

symptoms (pain, fever, swelling and tenderness). Vioxx® (Rofecoxib) blocks the enzyme that makes prostaglandins thereby reducing the amounts of prostaglandins, and reducing inflammation and its symptoms.

14. The United States Food and Drug Administration ("FDA") first approved Vioxx® (Rofecoxib) in 1999 for the reduction of pain and inflammation caused by osteoarthritis, acute pain and menstrual pain. It was subsequently approved to treat rheumatoid arthritis in adults and children.

15. In June 2000, Merck submitted a safety study to the FDA entitled "Vioxx Gastrointestinal Outcomes Research" that found an increased risk of serious cardiovascular events, including heart attacks and strokes in patients taking Vioxx® (Rofecoxib).

16. In February, 2001, the FDA consulted its Arthritis Advisory Committee regarding the clinical interpretation of this new safety information.

17. In April, 2001, the FDA implemented labeling changes which included information about the increase in risk of cardiovascular events, including heart attacks and stroke.

18. Other studies recently suggested an increased risk of cardiovascular events, and the FDA was in the process of reviewing these studies to determine if further labeling changes were needed.

19. On September 30, 2004, Merck voluntarily withdrew Vioxx® (Rofecoxib) from the market after the data safety monitoring board overseeing a long-term study of the drug recommended that the study be halted because of an increased risk of serious cardiac events, including heart attack and strokes. The risk was approximately twice that of individuals taking a placebo.

20. Annual sales of Vioxx® (Rofecoxib) total approximately $2.5 billion.

## CLAIMS FOR RELIEF

### COUNT I

### PRODUCTS (STRICT) LIABILITY

21. Plaintiff restates and realleges all paragraphs above and in addition states matters as set forth below.

22. The Defendant was engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, selling, advertising, and/or distributing Vioxx® (Rofecoxib), a dangerous drug, which they sold and distributed throughout the world, including Alabama.

23. The Plaintiff was using Vioxx® (Rofecoxib) in a manner for which it was intended and/or in a reasonably foreseeable manner.

24. The Plaintiff was not aware of, and reasonably could not have discovered, the dangerous nature of Vioxx® (Rofecoxib). The Defendant is liable to the Plaintiff for all general, special and punitive damages as well as for all equitable relief to which the Plaintiff may be entitled.

### COUNT II

### NEGLIGENCE

25. Plaintiff restates and realleges all paragraphs above and in addition, states matters as set forth below.

26. Defendant owed a duty to the Plaintiff regarding Vioxx® (Rofecoxib).

27. Defendant breached its duty and is guilty of negligent acts and/or omissions.

28. As a direct and proximate result, Plaintiff suffered serious injuries and is entitled

to special and compensatory damages.

## COUNT III

## NEGLIGENCE PER SE

29. Plaintiff restates and realleges all paragraphs above in addition, states matters as set forth below.

30. Defendant had an obligation not to violate the law in the manufacture, design, and sale of Vioxx® (Rofecoxib).

31. Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301, et seq.

32. Defendant failed to meet the standard of care set by the above statutes and regulations, which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant negligent per se.

33. As a result of the violations of the statutes described above, the Plaintiff suffered injuries for which Defendant is liable.

## COUNT VI

## BREACH OF IMPLIED WARRANTY

34. Plaintiff restates and realleges all paragraphs above and in addition, states matters as set forth below.

35. Prior to the time that Vioxx® was used by the Plaintiff, Defendant impliedly warranted to the market, including the Plaintiff, that Vioxx® (Rofecoxib) was of merchantable quality and safe and fit for the use for which it was intended.

5

36. As a direct and proximate result of Defendant's breaches of warranties, Plaintiff suffered special, compensatory and punitive damages in an amount to be proven at trial.

## COUNT VII

## PUNITIVE DAMAGES

37. Plaintiff restates and realleges all paragraphs above and in addition, states matters as set forth below.

38. Defendant's conduct and actions or inactions, the awareness of the Defendant of the serious immediate and life-threatening hazard of said medication, and the failure by Defendant to fully disclose and publicize the dangers of said medication, subject Defendant to exemplary damages to the fullest extent of the law.

39. As a direct and proximate result of the conduct of Defendant and the imminent hazard posed to the general public as a result thereof, including the Plaintiff, as well as the accompanying emotional distress, should be awarded, in addition to special and compensatory damages, exemplary damages in the maximum amount allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Court enter judgment against the Defendant in her favor, and award damages, costs, interest, attorney fees, and all other appropriate relief.

RESPECTFULLY SUBMITTED,

_____
Craig L. Lowell (LOW020)

**OF COUNSEL**:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
(205) 314-0500

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES.**

**Please serve defendants at the following address:**
Merck & Company, Inc.
126 E. Lincoln Avenue
Rahway, NJ 07065


The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109