FILED
2005 May-26 AM 07:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LINDA FLOURNOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:05CV560-M |
| v. | ) Case No.: CV-05-VEH-0968-E |
| | ) |
| MERCK & COMPANY, INC., a New | ) |
| Jersey corporation, | ) |
| | ) |
| Defendant. | ) |

ORDER GRANTING
MOTION TO TRANSFER VENUE

Before the Court is the Motion to Transfer Venue (doc. 7) filed by the Plaintiff, Linda Flournoy. The underlying action was filed May 10, 2005. The Defendant, Merck Company, Inc., has been served but no answer has been filed. As the basis for the Motion, Plaintiff states that the action was "inadvertently" filed in the Northern District of Alabama and "should have been filed in United States District Court for the Middle District of Alabama Eastern Division."

I.   Facts.

This is a diversity of citizenship case seeking to recover damages for personal injuries allegedly sustained after taking Vioxx® (Rofecoxib). The Complaint (doc. 1) states that the Plaintiff is a resident of Chambers County, Alabama (Par. 1), and that the Defendant is a New Jersey corporation with its principal place of business in

New Jersey (Par. 2).

II.   Standard.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, and in the interest of justice" a civil action may be transferred to any district where it could have been brought. *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1357 (M.D. Ala. 1998) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981). Here, it is the Plaintiff who wishes to transfer venue.

III.   Discussion.

The first inquiry that must be made is whether the case could have been brought in the Middle District of Alabama. If the case could not have been brought in that court, then the case cannot be transferred to that court. *See* 28 U.S.C. § 1404(a). Although the Plaintiff's Motion is silent on this point, implicit in the Motion is Plaintiff's argument that the case could have originally been brought in the Middle District of Alabama.

28 U.S.C. § 1391 provides:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants

reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The Complaint alleges that Defendant distributes Vioxx® (Rofecoxib) "throughout the State of Alabama." (Par. 5.) If this statement is true, the Complaint could have been filed in the Middle District of Alabama. There is no evidence or allegation to indicate to the Court that this statement is not true. Further, the Court notes that Chambers County is in the Eastern Division of the Middle District.

IV.   Conclusion.

The Motion to Transfer is hereby GRANTED. The Clerk of the Court is hereby DIRECTED to transfer this action to the Eastern Division of the Middle District of Alabama.

DONE, this 25th day of May , 2005.

                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge