**FILED**
2005 Jun-01 PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDA FLOURNOY, an individual,     *
    *
         Plaintiff,     *
    *
v.     *
    *
    *
MERCK & CO., INC., a Foreign     *
Corporation     *
    *
         Defendants.     *

3 : 05CV560-M

CV-05-HS-0968-E
Honorable Virginia Emerson Hopkins

## ANSWER AND JURY DEMAND
## OF DEFENDANT MERCK & CO., INC.

COMES NOW, Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, and answers Plaintiff's Complaint ("Complaint") herein as follows:

### RESPONSE TO "PARTIES"

1.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 1 of the Complaint regarding the residence of the Plaintiff. Otherwise, Merck denies each and every allegation contained in paragraph 1 of the Complaint.

2.     Merck denies each and every allegation contained in paragraph 2 of the Complaint except admits Merck is a New Jersey corporation with its principal place of business in New Jersey and that Merck is authorized to do business in the State of Alabama.

### RESPONSE TO "JURISDICTION AND VENUE"

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

1

4.     Merck denies knowledge or information sufficient to form a belief as to the truth of the falsity of the information contained in paragraph 4 of the Complaint regarding the residence of the Plaintiff.   Otherwise, Merck denies each and every allegation contained in paragraph 4 of the Complaint.

5.     Merck denies each and every allegation contained in paragraph 5 of the Complaint except admits Merck is a New Jersey Corporation with its principal place of business in New Jersey and that Merck is authorized to do business in the State of Alabama.  Otherwise, the allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.

6.     The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Complaint except admits that Plaintiff brings this action and purports to seek monetary damages in excess of $75,000 but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

7.     Merck denies each and every allegation contained in paragraph 7 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

8.     Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

2

9.    Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

10.    The allegations contained in paragraph 10 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that osteoarthritis has been described in the medical literature as a chronic disorder of joint cartilage and surrounding tissues that is characterized by pain, stiffness, and loss of function.

11.    The allegations contained in paragraph 11 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that rheumatoid arthritis has been described in the medical literature as an inflammatory arthritis in which joints, usually including those of the hands and feet, are inflamed, resulting in swelling, pain, and often the destruction of joints.

12.    Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

13.    The allegations contained in the first sentence of paragraph 13 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence.   Merck denies each and every allegation contained in the second

3

sentence of paragraph 13 except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX 2).

14.    Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX®.

15.    Merck denies each and every allegation contained in paragraph 15 of the Complaint and further avers that the study referenced therein speaks for itself.

16.    Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

17.    Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18.    Merck denies each and every allegation contained in paragraph 18 of the Complaint and further avers that the studies referenced therein speak for themselves.

19.    Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that it voluntarily withdrew VIOXX® from the market on September 30, 2004.

20.    Merck denies each and every allegation contained in paragraph 20 of the Complaint.

4

**RESPONSE TO**

**"CLAIMS FOR RELIEF**

**COUNT I**

**PRODUCTS (STRICT) LIABILITY"**

21.    With respect to the allegations contained in paragraph 21 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 20 of this Answer with the same force and effect as though set forth here in full.

22.    Merck denies each and every allegation contained paragraph 22 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

23.    Merck denies each and every allegation contained paragraph 23 of the Complaint.

24.    Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**

**"COUNT II**

**NEGLIGENCE"**

25.    With respect to the allegations contained in paragraph 25 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraph 1 through 24 of this Answer with the same force and affect as though set forth here in full.

26.    The allegations contained in paragraph 26 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be

5

deemed required, Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27.   Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28.   Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO

## "COUNT III

## NEGLIGENCE PER SE"

29.   With respect to the allegations contained in paragraph 29 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1 through 28 of this Answer with the same force and affect as though set forth herein in full.

30.   The allegations contained in paragraph 30 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 30 of the Complaint.   Furthermore, Merck denies that it violated any law in the manufacture, design and sale of VIOXX®.

31.   Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32.   Merck denies each and every allegation contained in paragraph 32 of the Complaint.

33.   Merck denies each and every allegation contained in paragraph 33 of the Complaint except admits that plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO

## "COUNT VI

## BREACH OF IMPLIED WARRANTY"

34.   With respect to the allegations contained in paragraph 34 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraph 1 through 33 of this Answer with the same force and affect as though set forth here in full.

35.   The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained paragraph 35 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

36.   Merck denies each and every allegation contained in paragraph 36 of the Complaint except admits that plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO

## "COUNT VII

## PUNITIVE DAMAGES"

37.   With respect to the allegations contained in paragraph 37 of the Complaint Merck repeats each and every admission, denial, averment, and statement contained in paragraph 1 through 36 of this Answer with the same force and affect as though set forth here in full.

38.    Merck denies each and every allegation contained in paragraph 38 of the Complaint except admits that plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

39.    Merck denies each and every allegation contained in paragraph 39 of the Complaint except admits that plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "PRAYER FOR RELIEF"

In response to the **"WHEREFORE"** paragraph of the Complaint, Merck denies each and every allegation except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

40.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

41.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

42.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, res judicata, waiver, or statutory and regulatory compliance.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

43.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

44.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

45.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician(s).

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

46.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

47.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

48.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of

persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

49.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

50.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

51.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

52.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

53.    Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

54.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks

capacity and standing to bring such claims.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

55.    Plaintiff's claims are barred in whole or in part because the product at

issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

56.    To the extent that Plaintiff seeks punitive damages for an alleged act or

omission of Merck, any award of punitive damages is barred under the relevant state law.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

57.    Plaintiff's demand for punitive damages is barred because VIOXX® and

its labeling was subject to and received pre-market approval by the FDA under 52 Stat.

1040, 21 U.S.C. § 301.

## AS FOR A NINETEETH
## DEFENSE, MERCK ALLEGES:

58.    Plaintiff's claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

59.    Plaintiff's claims are barred in whole or in part because Merck provided

legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or

pharmaceutical preparation Plaintiff alleges to have taken within the meaning of

comment j to Section 402A of the Restatement (Second) of Torts.

11

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

60.    Plaintiff's claims are barred under Section 4, *et. seq.,* of the Restatement

(Third) of Torts:  Products Liability.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

61.  Plaintiff's claims are barred in whole or in part under comment f to Section 6

of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

62.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

63.    Plaintiff's claims of fraud or misrepresentation are barred by reason of

Plaintiff's failure to allege the circumstances constituting fraud with particularity, as

required by Federal Rule of Civil Procedure 9(b).

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

64.    To the extent Plaintiff has settled or will in the future settle with any

person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if

any, should be reduced accordingly.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

65.    To the extent Plaintiff is seeking recovery for benefits entitled to be

received or actually received from any other source for injuries alleged in the Complaint,

such benefits are not recoverable in this action.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

66.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

67.    Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

68.    The Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, and / or payment and release.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

69.    To the extent Plaintiff makes a claim for punitive damages, Merck asserts that the Plaintiff has not complied with statutory requirements to recover punitive damages.

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

70.    To the extent Plaintiff's claim may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing,

13

which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip, 111 S. Ct. 1032, 113 L. Ed. 2d 1.*

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(h)    The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(i)    The Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1)    It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(3)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(5)    The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(j)    The Plaintiff's attempt to impose punitive or extra-contractual damages on this defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(k)    The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(l)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

(m)    The award of punitive damages against this defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(n)    The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(o)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

71. Plaintiff's Complaint seeks to make Merck liable for punitive damages. The

United States Supreme Court has reversed the Alabama Supreme Court in the case styled

*BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) on the issue of punitive

damages. Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

72. Merck affirmatively pleads that any punitive damages that the Plaintiff may recover in this case should be capped in keeping with Alabama Code Section 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

73. The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code §6-11-21, (1975). The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision. *See Honda Motor Company, Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

74. Merck avers that the punitive damage cap set out in *Ala. Code* §6-11-21, (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 2001 WL 1520623 (Ala. Nov. 30, 2001).

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

75. Merck avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Production Corp. v. Alliance Resources Corp.* 113 S. Ct. 2711 (US 1993).

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

76. Merck avers that the method of imposing punitive damages violates Amendment 328, Section 6.11, which prohibits the use of a procedural rule to abridge, enlarge or modify the substantive right of any party. *See Leonard v. Terminix Intern. Co., L.P.* 2002 WL 31341084 (Ala.).

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

77. The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

78.  Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, it reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.  Merck will rely on all defenses that may become available during discovery or trial.

## AS FOR A FOURTEITH
## DEFENSE, MERCK ALLEGES:

79.  Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.


WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


s/ Alan T. Hargrove, Jr.
Alan T. Hargrove, Jr.
     Bar Number: (ASB-0718-H46A)
Robert C. Brock
     Bar Number:  (ASB-5280-B61R)
F. Chadwick Morriss
     Bar Number: (ASB-8504-S75F)

18

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone: 334/206-3100
Fax: 334/263-4157
E-mail:       ath@rsjg.com
              rcb@rsjg.com
              fcm@rsjg.com


Attorneys for Defendant


## CERTIFICATE OF SERVICE


I hereby certify that on June 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Craig L. Lowell, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, IL  35203


                        s/ Alan T. Hargrove, Jr.
                        Of Counsel


19