IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **LINDA FLOURNOY, an individual,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 3:05-cv-00560-VPM |
| | * | |
| **MERCK & CO., INC., a Foreign Corporation** | * | |
| | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF CASE INCLUSION IN CONDITIONAL TRANSFER ORDER (CTO-15) OF JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

COMES NOW, the Defendant Merck & Co., Inc. ("Merck"), and hereby notifies this Honorable Court that this case has been designated for transfer to the United States District Court for the Eastern District of Louisiana pursuant to a Conditional Transfer Order (CTO-15) issued by the Judicial Panel on Multidistrict Litigation. Merck would further show the Court as follows:

1. On June 23, 2005, this matter was stayed pending the transfer of this case by the Judicial Panel on Multidistrict Litigation. On February 16, 2005, the Panel issued its order establishing MDL-1657 and transferring the 148 federal Vioxx® cases that were the subject to Merck's petitions for pretrial coordination to the Eastern District of Louisiana for coordinated pretrial proceedings before The Honorable Eldon E. Fallon. As set forth therein, the Panel found that:

> [T]he actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory

drug, and whether Merck knew or these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

2. Subsequently, Merck provided notice to the Panel of this action pursuant to the tag-along procedures contained in the MDL rules. On March 4, 2005, the Panel issued its first set of conditional transfer orders applicable to approximately 250 cases that Merck had notified the Panel of between late 2004 through early 2005.

3. This action is one of the actions specifically included in the Conditional Transfer Order (CTO-15) (see Schedule CTO-15). Assuming that Plaintiff does not object within the 15-day period provided for by the MDL rules, this action will be immediately transferred to Judge Fallon's court, which will become part of MDL-1657 and thus be subject to MDL coordination of all pretrial proceedings. See CTO-15, Exhibit A.

4. In the event plaintiff chooses to object to transfer of this action to the MDL court, there is a separate procedure for filing of any objection and papers objecting to the transfer with the MDL Panel. See J.P.M.L. Rule 7.4(c) and (d). The Panel would schedule the opposition for hearing at its next session with a ruling to follow thereafter. See J.P.M.L. Rule 7.4(d).

Date: July 22, 2005.

                                        Respectfully submitted,

                                        s/Alan T. Hargrove, Jr.
                                        **ALAN T. HARGROVE, JR.**
                                        One of the Attorneys for Defendants
                                        Merck & Co., Inc.

Robert C. "Mike" Brock (ASB-5280-B61R)

F. Chadwick Morriss (ASB-8504-S75F)
Alan T. Hargrove, Jr. (ASB-7018-H46A)
**RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.**
Post Office Box 270
Montgomery, Alabama 36101
Telephone:  (334) 206-3100
Facsimile: (334) 262-6277
Email:  RCB@rsjg.com (Brock)
Email:  FCM@rsjg.com (Morriss)
Email:  ATH@rsjg.com (Hargrove)

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Craig L. Lowell, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, IL  35203

      This the 22nd day of July, 2005.

                                      /s/ Alan T. Hargrove
                                      OF COUNSEL